FILED 01 AUG '11 15:51 USDC·ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GEORGE EARL McCLINE,                      Case No. 3:10-cv-416-KI

          Petitioner,                         OPINION AND ORDER

    v.

MARK NOOTH,

          Respondent.

ANTHONY BORNSTEIN
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, OR 97204

       Attorney for Petitioner

JOHN KROGER
Attorney General
ANDREW HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

       Attorneys for Respondent

KING, Judge

      Petitioner George Earl McCline, an inmate in the custody of the State of Oregon, brings this habeas corpus proceeding pursuant

1 - OPINION AND ORDER

to 28 U.S.C. § 2254, challenging a 2007 decision by the Board of Parole and Post-Prison Supervision (the Board) to defer his release on parole. For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

In 1979, petitioner was tried and convicted of the murder of his girlfriend, Addie Ward. Petitioner was sentenced to an indeterminate life sentence. Petitioner does not challenge his conviction or sentence in this proceeding.

At the time of petitioner's offense, the Board was allowed to postpone an inmate's release date "[i]f a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner." O.R.S. § 144.125(3)(pre-1993).

Prior to petitioner's 2007 projected parole release date, the Board scheduled petitioner for a psychological evaluation by F. Robert Stuckey, Ph.D., which was conducted on January 26, 2007. Dr. Stuckey concluded that petitioner suffered from a present severe emotional disturbance that constituted a danger to the health or safety of the community.

May 2, 2007, the Board conducted a parole hearing. Petitioner was present at the hearing, and was represented by counsel. In Board Action Form (BAF) #11, a decision dated May 2, 2007 and

2 - OPINION AND ORDER

mailed on May 22, 2007, the Board deferred petitioner's parole for an additional 24 months pursuant to O.R.S. § 144.125(3)(pre-1993). In BAF #11, the Board explained the basis of its decision:

> Based on the doctor's report and diagnosis, coupled with all the information that the Board is considering, the Board concludes that the inmate suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community. The Board has considered the matter under the laws in effect at the time of the commitment offense(s). (Resp. Ex. 103, p. 113.)

Petitioner sought administrative review. In his administrative review request, petitioner raised numerous claims, including the following in relevant part:

> 1) There is not substantial evidence to support a finding that inmate suffers from a present severe emotional disturbance that constitutes a danger to community because [the] Board of Parole has not provided petitioner any treatment for his disorder per ADA Title II
>
> 2) Board has not considered all information available, and
>
> 3) BAF Form is ambiguous impairing petitioner's request on admin[istrative] review. (Resp. Ex. 103, p. 115-16.)

Petitioner also specifically challenged Dr. Stuckey's report and diagnosis of severe emotional disturbance. (Resp. Ex. 103, p. 120.)

On November 28, 2007, in its Administrative Review Response (ARR) #2, the Board upheld BAF #11. The Board addressed petitioner's claims as follows:

> In your administrative review request you first allege that the board does not have substantial evidence to find

3 - OPINION AND ORDER

that you have a present severe emotional disturbance such as to constitute a danger to the health or safety of the community. You also appear to be alleging that the board has deferred your release date solely because of your severe emotional disturbance. The board does not find these arguments persuasive for the following reasons. As indicated in BAF #11, the board deferred your release date based not on your having a severe emotional disturbance alone, but on consideration of all the information in your hearing packet, which included, among other things, details of your crime of commitment, wherein you murdered your girlfriend by stabbing her twice in the back and four times in the head; evidence of 13 disciplinary reports for institutional misconduct in the past 10 years, including an assault in April 2005; and the psychological diagnosis. Dr. Stuckey assigned a diagnosis of "Personality Disorder NOS with Antisocial and Histrionic Features" under Axis II. He sated that you have "significant problems thinking and reasoning in a logical or abstract manner," and that your are prone toward being impulsive. Dr. Stuckey further stated that your are unaware of your capacity for aggression and violence, and concluded that you represent "a significant threat to the safety of the community." The Board also considered all the information that you presented at the hearing, including information that Department of Corrections Counseling and Treatment Services (CTS) opined that you were not eligible for CTS treatment. It was the board's conclusion, after listening to everything you had to say and considering all the information before it, that your severe emotional disturbance constitutes a danger to the community. Therefore, because there is substantial evidence in the record to support the board's decision, the board does not find that your allegations provide a basis for relief. (Resp. Ex. 103, p. 201-02.)

Petitioner then sought leave to proceed on judicial review. (Resp. Ex. 104.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Resp. Ex. 112.)

On April 15, 2010, petitioner filed his current petition for writ of habeas corpus. In the instant proceeding, petitioner

4 - OPINION AND ORDER

asserts three grounds for relief: (1) the Board violated his Due Process rights when it failed to reasonably apply controlling state law in not providing specific reasons for deferring his parole; (2) the Board violated his Due Process rights when it failed to reasonably apply state law to when it issued BAF #11 without the individual votes of the Board members; and (3) the Board violated his due process rights and rights under the Americans with Disability Act when it deferred parole based on a finding that he suffers from present severe emotional disturbance without providing him treatment.

## DISCUSSION

Respondent submits that petitioner's grounds one and two are procedurally defaulted, or alternatively should be denied on the merits. Respondent also submits that ground three was correctly denied on the merits in a state court decision that is entitled to deference. In his briefing to this court, petitioner discusses only the merits of his due process claim in ground one. For the reasons that follow, I conclude that petitioner's petition should be denied.

I.   **Grounds Two and Three Are Unargued.**

In his briefing to this court, petitioner does not discuss the merits of grounds two and three. By failing to advance the merits of these grounds, petitioner has failed to demonstrate that the state court's rejection of these claims is contrary to or an

5 - OPINION AND ORDER

unreasonable application of clearly established Federal law in his briefing to this court. See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005)(petitioner bears burden of proving he is entitled to habeas relief); Silva v. Woodford, 279 F.3d 825, 835 (9th Cir.), cert. denied, 537 U.S. 942 (2002)(same); 28 U.S.C. § 2254(d). Nevertheless, the court has reviewed petitioner's unargued claims and determined that they do not entitle him to relief. Accordingly, habeas corpus relief on grounds two and three is denied.

II. **Ground One.**

Because petitioner is not entitled to habeas relief, I decline to address whether ground one is procedurally defaulted. 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."); Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005), cert. denied, 546 U.S. 1172 (2006).

A. **Standards.**

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6 - OPINION AND ORDER

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's determination of a factual issue "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). Petitioner carries the burden of rebutting this presumption of correction by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.  Analysis.**

The Supreme Court recently explained the correct analysis for determining whether an inmate's due process rights have been violated by a state court decision approving of a parole board determination. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011). See also Miller v. Oregon Bd. of Parole & Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011.)  In Cooke, the Supreme Court reiterated that federal habeas relief under § 2254 is only available for violations of the Constitution or federal law. Cooke, 131 S. Ct. at 861.  To establish a Due Process Clause violation, the Cooke court set forth a two part inquiry.  Id. at 861; Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011).

First, the court must "ask whether there exists a liberty or property interest of which a person has been deprived." Cooke, 131 S. Ct. at 861. The Cooke court observed that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no

7 - OPINION AND ORDER

duty to offer parole to their prisoners." Id. at 862. Accord Greenholz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Beveridge v. Johnson, 157 Or. App. 57 (1998).

Second, if a state's parole scheme creates a protected liberty interest, the court must "ask whether the procedures followed by the State were Constitutionally sufficient." Cooke, 131 S. Ct. at 861. In the parole context, "the procedures required are minimal." Id. at 862. The Federal Constitution requires only "an opportunity to be heard" and be "provided a statement of the reasons why parole was denied." Id.

The Ninth Circuit has not yet decided whether O.R.S. § 144.125 creates a liberty interest in parole. Cooley v. Bartlett, 2005 WL 771597, *2 (D. Or. Apr. 2, 2005), aff'd, 212 Fed. Appx. 603 (9th Cir. 2008); Snow v. Hill, 2004 WL 1201269, *3 (D. Or. June 1, 2004), adopted, 2004 WL 1636957 (D. Or. July 7, 2004). I note that the Ninth Circuit recently has determined that Oregon's early parole eligibility statute (O.R.S. § 163.105(3)-(4)(1981)) creates a liberty interest, as does Oregon's dangerous offender parole release statute (O.R.S. § 144.228). Miller, 642 F.3d at 716; Houff v. Blacketter, 2011 WL 1881858, *1 (9th Cir. May 18, 2011)(not for publication).

However, I need not decide for purposes of this decision whether O.R.S. § 144.125 creates a liberty interest in parole because even presuming that it does, petitioner has received all

8 - OPINION AND ORDER

the process that is due. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1398 (9th Cir. 1987), cert. denied, 484 U.S. 1017 (1988)(concluding that petitioner received all process he was due without deciding whether state system created a liberty interest).

As the Ninth Circuit observed in Miller, the Supreme Court in Cooke determined that "in the context of parole eligibility decisions, the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]" Miller, 642 F.3d at 716 (emphasis in original). The Miller court described this court's inquiry as follows:

> [T]he question before the district court, and the one we face on review of the district court's decision, is not whether the Board's decision to deny Miller early eligibility for parole was substantively reasonable, nor whether the Board correctly applied Oregon's parole standards. Instead, it is simply whether the state provided Miller with the minimum procedural due process outlined in *Cooke*. The Supreme Court found that the habeas petitioners in *Cooke* "were allowed to speak at their parole hearings and to contest the evidence against them, and were notified as to the reasons why parole was denied." 131 S.Ct. at 862. That was sufficient, the Court held, to satisfy the Due Process Clause. Id. at 716-17.

Turning to the facts of this case, the record demonstrates that petitioner was given at least 14 days advance notice of the parole hearing. (Resp. Ex. 103, p. 73.) Petitioner received a copy of Dr. Stuckey's report in advance of the hearing and was afforded an opportunity to respond to Dr. Stuckey's report. (Id. at

9 - OPINION AND ORDER

p. 74-78.) Petitioner was assisted at the hearing by his attorney, and petitioner and his attorney each gave statements at the hearing. The record demonstrates that petitioner had access to his records, and it appears that petitioner submitted documentation to the Board in advance of the hearing. Also, petitioner had the opportunity to submit additional information for the Board's consideration at the hearing. It is clear that petitioner was provided a written statement of the reasons that parole was denied. Although petitioner contends that BAF #11 provided an inadequate written explanation, petitioner received a lengthy, extensive written statement of reasons his parole was deferred in ARR #2. See Miller, 642 F.3d at 717 (finding no due process violation where inmate did not receive written explanation initially, but eventually received one).

Based upon the evidence in the record before me, it is abundantly clear that petitioner received all the process he was due. Petitioner received an opportunity to be heard at the hearing and a statement of the reasons for the Board's decision. Cooke, 131 S.Ct. at 863. More was not required.

Accordingly, the state court decision denying petitioner relief on his claim that the Board provided an inadequate statement of reasons and explanation for deferring his parole was not contrary to or an unreasonable application of clearly established federal law and therefore, habeas relief is not warranted.

10 - OPINION AND ORDER

28 U.S.C. § 2254(d). Petitioner's due process claim in ground one is denied.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this /s/ day of ~~July~~ Aug, 2011.

                                                 Garr M. King
                                                United States District Judge